UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNESTO MACKEY,<br><br>                                    Petitioner,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>                                   Respondents. | Case No.:  20-cv-962-LAB (DEB)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS**<br><br>**[DKT. NO. 9]** |

Petitioner David Ernesto Mackey is currently in the custody of the State of California Department of State Hospitals. He filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 as a pro se litigant. Dkt. No. 1.

On August 13, 2020, Respondents filed a motion to dismiss the Petition for failure to exhaust state remedies. Dkt. No. 9. Petitioner filed an opposition on August 27, 2020. Dkt. No. 10. For the reasons set forth below, the Court RECOMMENDS that Respondents' motion to dismiss be GRANTED.

**I.     Procedural History**

In 1994 a San Diego County jury found Petitioner guilty of forcible rape (Cal. Penal Code § 261(a)(b)) for which he was sentenced to 25 years in state prison. Dkt. No. 1 at 2;

Dkt. No. 13-1 at 1.[1] On November 27, 2007, as a condition of parole, Petitioner was admitted to and treated by Atascadero State Hospital as a mentally disordered offender. Dkt. No. 13-1 at 1.

In 2012, prior to the termination of Petitioner's parole, the County of San Diego petitioned to extend his commitment pursuant to Cal. Penal Code §§ 2970 and 2972. Dkt. No. 13-2 at 2. On November 26, 2012, following a court trial and finding that he suffered from a severe mental disorder and represented a substantial danger of physical harm to others, the San Diego County Superior Court recommitted Petitioner to Atascadero State Hospital. Dkt. No. 13-1. The County of San Diego has petitioned and secured Petitioner's continued civil commitment ever since. Dkt. Nos. 13-2, 13-4.[2]

In May 2013, Petitioner filed a state habeas petition challenging the November 26, 2012 civil commitment order. Dkt. No. 13-1. The San Diego County Superior Court denied the petition on July 25, 2013, and the California Court of Appeal affirmed on September 17, 2013. Dkt. Nos. 13-1, 13-2.

On December 29, 2019, Petitioner submitted a request for compassionate release directly to the California Department of State Hospitals. Dkt. No. 13-3 at 4. On January 9, 2020, the Department of State Hospitals denied his request for lack of venue. Dkt. No. 13-3 at 3.

On January 30, 2020, Petitioner filed a state habeas petition challenging his civil commitment and requesting compassionate release. Dkt. No. 1 at 60–63. The San Diego County Superior Court denied this petition, finding Petitioner was lawfully committed and that it lacked jurisdiction over the request for compassionate release because Petitioner had not provided the requisite Department of State Hospitals' documentation. *Id.*

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

[2] Petitioner is currently committed to Coalinga State Hospital.

2

20-cv-962-LAB (DEB)

Under the mailbox rule, Petitioner filed the Petition in this case on May 13, 2020, challenging his civil commitment and seeking compassionate release. Dkt. No. 1 at 6–7, 11; *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Petition states that Petitioner did not raise either of these grounds in the California Supreme Court. Dkt. No. 1 at 3–4, 6–7.

On July 1, 2020, after this case was initiated, the San Diego County Superior Court denied another petition for compassionate release because it was not ripe, finding the Department of State Hospitals incorrectly concluded it lacked venue when it rejected Petitioner's December 29, 2019 request for compassionate release. Dkt. No. 13-4.

## II.   Legal Standard

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. 28 U.S.C. § 2254(b)(l)(A), (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it," or "demonstrate[] that no state remedy remains available." *Johnson v. Zemon*, 88 F.3d 828, 829 (9th Cir. 1996)). This exhaustion requirement "reflects a policy of federal-state comity" that gives states "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275. If state remedies are not exhausted, the district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a petition for writ of habeas corpus unless all claims are exhausted).

## III.   Analysis

It is undisputed that Petitioner has not presented either of the two claims raised in his petition to the California Supreme Court. The record reflects that Petitioner presented his claims only to the lower California courts. Dkt. No. 1 at 3–4, 6–7, 60–63. Furthermore, regarding Petitioner's request for compassionate release, the San Diego County Superior Court has twice concluded it lacked jurisdiction because the matter was not ripe. Dkt. No. 1 at 60–63; Dkt. No. 13-4. Because the Petition contains only unexhausted claims and there is nothing in the record indicating that the Court should excuse Petitioner's failure to

exhaust, the Court must dismiss the petition. *See* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii) (exhaustion excused if either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant").

## IV.   Conclusion

For the foregoing reasons, the Court RECOMMENDS Respondents' motion to dismiss for failure to exhaust state remedies be GRANTED and the Petition DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

IT IS ORDERED that on or before **December 23, 2020,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties on or before **January 8, 2021**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated:  December 4, 2020

_____
Honorable Daniel E. Butcher
United States Magistrate Judge